UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SHAMEKA S. SESSOMS, *on behalf of V.C.*,

               Plaintiff,                     **MEMORANDUM AND ORDER**

       v.                                     21-CV-1788 (RPK)

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.
-----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

      Nearly eight months ago, the Commissioner of Social Security moved to dismiss the complaint in this action. *See* Mot. to Dismiss (Dkt. #8). Although *pro se* plaintiff Shameka Sessoms was ordered to file a response by November 29, 2021—a deadline that the Court *sua sponte* extended twice, first to January 3, 2022 and then to February 14, 2022—she still has not done so. For the reasons that follow, plaintiff's action is dismissed without prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

**LEGAL STANDARD**

      Rule 41(b) authorizes a district court to dismiss an action "if the plaintiff fails to prosecute or to comply with the rules or a court order." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (brackets omitted) (quoting Fed. R. Civ. P. 41(b)). Although the text of Rule 41(b) refers to a defendant's "mo[tion] to dismiss the action or any claims against it," Fed. R. Civ. P. 41(b), it is "unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). To determine whether dismissal is appropriate, a district court must weigh:

    (1) whether the plaintiff "caused a delay of significant duration";

    (2) whether the plaintiff was "given notice that further delay would result in dismissal";

1

(3) whether the defendant was "likely to be prejudiced by further delay";

(4) whether dismissal would balance "the need to alleviate court calendar congestion . . . against [the] plaintiff's right to an opportunity for a day in court"; and

(5) whether lesser sanctions would be effective.

*U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). "No single factor is generally dispositive." *Baptiste*, 768 F.3d at 216.

While dismissal is a "harsh remedy to be utilized only in extreme situations," *Drake*, 375 F.3d at 254 (quotations omitted), "the authority to invoke dismissal for failure to prosecute is 'vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts,'" *Peters-Turnbull v. Bd. of Educ. of City of New York*, 7 F. App'x 107, 109 (2d Cir. 2001) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)). "When imposed, the sanction of dismissal 'operates as an adjudication upon the merits,' but may be without prejudice if so specified by the court imposing it." *Lyell Theatre Corp.*, 682 F.2d at 43 (quoting Fed. R. Civ. P. 41(b)).

## DISCUSSION

All five Rule 41(b) factors favor dismissal here. First, plaintiff has caused a significant delay. Plaintiff has not been in contact with the Court since filing this action on March 29, 2021. *See* Compl. (Dkt. #1). During that time, plaintiff has failed to oppose the Commissioner's motion to dismiss, ignored Court ordered deadlines for her response to the Commissioner's motion, and stalled this case for nearly eight months. Days or weeks of delay "typically do[] not warrant dismissal." *Chavis v. City of New York*, No. 17-CV-9518, 2018 WL 6532865, at *3 (S.D.N.Y. Oct. 12, 2018), *report and recommendation adopted*, 2018 WL 6528238 (S.D.N.Y. Dec. 11, 2018). But courts have consistently found that delays in the range of five to six months counsel in favor

of that outcome. *See, e.g., Greene v. City of New York*, No. 19-CV-873 (ARR) (RER), 2020 WL 2840521, at *3 (E.D.N.Y. Apr. 23, 2020) (collecting decisions dismissing for failure to prosecute following delays of "five months or less"), *report and recommendation adopted*, 2020 WL 2836785 (E.D.N.Y. June 1, 2020); *Kent v. Scamardella*, No. 07-CV-844 (SHS), 2007 WL 3085438, at *2 (S.D.N.Y. Oct. 18, 2007) (delay of three months "weigh[ed] strongly in favor of dismissal" when it "functioned as a complete block to moving th[e] litigation forward"); *Chavis*, 2018 WL 6532865, at *3; *see also Lyell Theatre Corp.*, 682 F.2d at 42-43 (noting that "persistent late filings of court ordered papers . . . . may warrant dismissal after merely a matter of months").

Second, the Court warned that further delay would result in dismissal. On December 6, 2021, I warned plaintiff that, if she failed to file her opposition brief, I might "dismiss her complaint for failure to prosecute." *See* Dec. 6, 2021 Order. On January 12, 2022, I warned plaintiff that, if she failed to file her opposition brief, I was "highly likely to dismiss this case for failure to prosecute." *See* Jan. 12, 2022 Order. Both orders and my prior scheduling order were sent to plaintiff at the mailing address that she gave the Court, and there is no indication that plaintiff did not receive those communications. If for some reason petitioner did not receive actual notice of my orders either by mail or by email, responsibility for that miscommunication lies with her. *See, e.g., Terry v. City of New York*, No. 20-CV-81 (ER), 2020 WL 5913409, at *2 (S.D.N.Y. Oct. 6, 2020) (explaining that "it remained [plaintiff's] duty to diligently pursue his case and to inform this Court's *Pro Se* Office of any change of address"); *Chavis*, 2018 WL 6532865, at *4 (collecting cases).

Third, the Commissioner is "likely to be prejudiced by further delay," *LeSane*, 239 F.3d at 209 (quotations omitted). Courts may presume such prejudice when, as here, petitioner has caused

3

an "unreasonable delay." *Id.* at 210 (quotations omitted); *see, e.g., Terry*, 2020 WL 5913409, at *2 (citation omitted).

Fourth, dismissal without prejudice properly strikes a balance "between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard," *LeSane*, 239 F.3d at 209 (quotations omitted). The interest in alleviating docket congestion strongly favors closing a case that has stalled for nearly eight months due to plaintiff's failure to comply with court orders. But *pro se* litigants "should be granted special leniency regarding procedural matters" in the context of Rule 41(b). *Ibid*. Dismissal without prejudice adequately balances those interests in this case, by serving "the district court's need to clear its calendar without unduly penalizing a *pro se* litigant for failing to comply with a scheduling order." *Thrall v. Cent. New York Reg'l Transp. Auth.*, 399 F. App'x 663, 666 (2d Cir. 2010); *see, e.g., Reynel v. Barnhart*, No. 01-CV-6482, 2002 WL 2022429, at *1 (S.D.N.Y. Sept. 3, 2002) (concluding that a dismissal for failure to prosecute should be without prejudice "[g]iven the plaintiff's *pro se* status").

Finally, because plaintiff has failed to respond to court orders over a lengthy period, and plaintiff's *in forma pauperis* status indicates that she would be unable to pay a monetary sanction, I cannot conclude that any sanction less than dismissal without prejudice would be efficacious. *See LeSane*, 239 F.3d at 209.

**CONCLUSION**

Plaintiff's action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: February 21, 2022
       Brooklyn, New York